IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAROLD LEE WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2726 |
| | § | |
| JAMES A. HYMAN, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On November 7, 2006, this Court dismissed the civil rights lawsuit filed by former state inmate Harold Lee Washington (TDCJ #583388), in which he complained about the conditions of his confinement at the Ben A. Reid Community Correctional Facility ("Ben Reid") in Houston, Texas. Washington has filed a motion to "alter" the judgment, which is dated December 19, 2006. (Doc. # 12).[1] The motion is **denied** for reasons set forth briefly below.

Because it was filed more than ten days after the final judgment, the Court construes the plaintiff's pending motion as one governed by Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a district court "may relieve a party from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

---

[1] The Clerk's Office has docketed two identical copies of the motion. (Docs. # 12, # 13). Because the motions are identical, the Court refers only to instrument # 12.

heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993)).

Washington complained in this case that the defendant had implemented a policy at the Ben Reid facility, where Washington was a resident, which violated his constitutional right to access the courts by restricting access to a law library. The Court dismissed this case after reviewing a more definite statement filed by the plaintiff and concluding that he failed to state a valid claim. Washington objects to the dismissal order on the grounds that the Court applied the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A. Washington, who remains in custody at the Ben Reid facility, does not demonstrate that it was error to apply the PLRA. Even assuming that the PLRA does not apply, Washington does not demonstrate that the Court's ultimate decision to dismiss the complaint was incorrect. In that regard, Washington fails to show that he had a valid claim for denial of access to courts.

Accordingly, it is **ORDERED** that Washington's motion for relief from the judgment under Rule 60(b) (Doc. # 12) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas this **26th** day of **December, 2006.**

_____
Nancy F. Atlas
United States District Judge